IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HOWARD LEE PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-006 |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Howard Lee Phillips appeals the decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") under the Social Security Act.  Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

I.   BACKGROUND

Plaintiff applied for SSI on December 26, 2013, alleging a disability onset date of December 12, 2013.  Tr. ("R."), p. 300.  Plaintiff was forty-eight years old on his alleged disability onset date and was fifty-two years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration.  R. 28-29.  Plaintiff applied for benefits based on allegations of hypertension, back pain, vision loss, mental health problems, stomach

problems, bleeding from rectum, knee problems, swollen feet, shortness of breath, fatigue, ringing in ears, frequent urination, and problems with memory. R. 322. Plaintiff has a limited eighth grade education, and prior to his alleged disability accrued no relevant work history. R. 40, 45.

The Social Security Administration denied Plaintiff's application initially and Plaintiff filed a request for reconsideration which was denied. R. 97, 137-40, 146. Plaintiff requested a hearing before an ALJ, R. 149-55, and the ALJ held a hearing on May 5, 2016. R. 50-81. On June 6, 2016, the ALJ issued an unfavorable decision. R. 117-32. The Appeals Council ("AC") granted Plaintiff's request for review and ordered Plaintiff's application be remanded to the ALJ because Plaintiff's residual functional capacity ("RFC") did not contain corresponding social limitations. R. 133-35. On December 7, 2017, the ALJ held a hearing. R. 35-49. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Kenneth Bennett, a Vocational Expert ("VE"). Id. On March 13, 2018, the ALJ issued an unfavorable decision. R. 15-29.

> Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:
>
> 1. The claimant has not engaged in substantial gainful activity since his alleged onset date of December 12, 2013, through the date of the administrative decision. (C.F.R. § 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairment: borderline intellectual functioning (20 C.F.R. § 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).
>
> 4. The claimant has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c)[1] except the claimant can frequently

---

[1]"Medium work" is defined as:

      climb stairs and ramps, occasionally climb ladders, ropes, and scaffolds, and occasionally stoop. The claimant is limited to unskilled work[2] and he can respond appropriately to the public on an occasional basis and to coworkers on a frequent basis. The claimant should avoid concentrated exposure to hazards.  The claimant has no past relevant work.

5. Considering the claimant's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that the claimant can also perform, (20 C.F.R. §§ 416.969 and 416.969(a)), including a food service worker, dining room attendant, and cook helper. Therefore, the claimant was not under a disability, as defined in the Social Security Act, from December 12, 2013, through the date of the ALJ's decision, March 13, 2018 (20 C.F.R. § 416.920(g)).

R. 17-29.

When the AC denied Plaintiff's request for review of the ALJ's March 13, 2018 decision, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g).  Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ failed (1) to properly formulate an RFC including Plaintiff's IQ scores and many of the non-exertional impairments affecting Plaintiff; (2) to comply with the order of the AC; and (3) to give a complete hypothetical question to the VE. See Pl.'s Br., doc. no. 16. The Commissioner maintains the administrative decision is supported by substantial evidence and should therefore be affirmed.  See Comm'r's Br., doc. no. 19.

---

      lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.

20 C.F.R. § 416.967(c).

      [2]"Unskilled work" is defined as:

work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.

20 C.F.R. § 416.968(a).

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

As explained below, remand is necessary because the ALJ erred by formulating an RFC that does not include a work production limitation and rejecting without justification expert opinion concerning plaintiff's limited ability to tolerate workplace stress.

#### A. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes,

5

appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a claimant can return to his past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

### B. Assigning Weight to Medical Opinions

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (*per curiam*) (citing 20 C.F.R §§ 404.1527(c), 416.927(c)). However, as part of the duty to develop a full and fair record, the ALJ must "make clear the weight accorded to the various testimony considered." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). In the absence of a statement from the ALJ concerning the weight given to different medical opinions and the reasons for assigning such weight, the reviewing court will be unable to determine whether the decision is supported by substantial evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011).

Additionally, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists

6

(on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. § 416.927(c)(1)-(2), (5). However, SSR 96-6p provides that findings of fact made by state agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p.

Lastly, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p, 1996 WL 374183, at *1, 2 (July 2, 1996); see also 20 C.F.R. § 416.927(d).

### C. The ALJ Erred by Failing to Consider All of Plaintiff's Limitations in the RFC

The ALJ expressly agreed with consultative examiner Dr. Michael P. Rose and two state agency consultants, Drs. David E. Massey and Nancy Woodruff, that claimant's limited intelligence required him to work "at a slower pace." R. 27. As Dr. Rose explained and the ALJ agreed, Plaintiff's "work production would be at the level of moderate impairment." R. 26-27, 496. In addition, state agency consultant Dr. Massey evaluated the medical evidence in the record from Dr. Rose and determined Plaintiff's ability to understand and remember detailed instructions was moderately limited, as well as his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." R. 92. State

agency consultant Dr. Woodruff also determined Plaintiff was moderately limited in the same areas opined by Drs. Rose and Massey.  R. 112.  Despite these findings, the ALJ failed, without explanation, to include in the RFC any reference to Plaintiff requiring a slower work pace and lowered expectations of production.

Of equal concern is the ALJ's rejection of an opinion espoused by Drs. Rose, Massey, and Woodruff that Plaintiff is moderately impaired in his ability to tolerate stress.  Dr. Rose opined Plaintiff "would have a moderate level of impairment for tolerating normal, everyday, stress levels, typically found in most workplaces."  R. 497.  The ALJ explained the basis for his rejection of this limitation as follows:

> The claimant did not exhibit signs of significantly decreased stress tolerance, such as psychosis, mania, producing psychomotor retardation or agitation, or emotional liability.  Further, the record shows that, despite a limited intellect, the claimant is able to live and carry out the majority of his daily activities without assistance, supervision, or difficulty.

R. 27.  There are two problems with this reasoning.  First, rather than supporting his decision to reject the experts' opinions with evidence in the record, the ALJ instead merely provided a litany of conditions from which Plaintiff does not suffer.  See Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (*per curiam*) (recognizing "the ALJ may reject any medical opinion if the evidence supports a contrary finding").  Second, the mere fact Plaintiff can conduct such mundane daily activities as housekeeping, shopping, and paying bills does not suggest he is capable of tolerating workplace stress, and it is certainly not a sound basis for rejecting the opinions of three experts.  See Lewis, 125 F.3d at 1441 (recognizing participation in daily activities of short duration does not preclude a disability finding because not necessarily indicative of ability to work); Davis-Grimplin v. Comm'r, Soc. Sec. Admin., 556 F. App'x 858, 863 (11th Cir. 2014) (*per curiam*) (same).

8

No doubt, an ALJ need not refer to every piece of record evidence, so long as the reviewing court can "conclude that the ALJ considered the claimant's medical condition as a whole." Adams v. Comm'r of Soc. Sec., 586 F. App'x 531, 533 (11th Cir 2014) (*per curiam*) (citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)). However, in discounting a medical source's opinion, an "ALJ is not entitled to pick and choose through a medical opinion, taking only the parts that are favorable to a finding of nondisability." Theus v. Astrue, No. CV 207-151, 2009 WL 723205, *4 (S.D. Ga. Mar. 18, 2009). Here, the ALJ gave great weight to portions of the opinions of Drs. Rose, Massey, and Woodruff which supported a finding of non-disability, but rejected, without adequate explanation, the portions of those same opinions finding the limitations on work production and stress. R. 26-27. "It is not enough to discover a piece of evidence which supports [the administrative] decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986); see also Martin v. Heckler, 748 F.2d 1027, 1033 (5th Cir. 1984) (rejecting misuse of one set of positive test results, to the exclusion of all other evidence of record, to find claimant not disabled when the ignored evidence suggested other severe impairments).

Moreover, disregarding Plaintiff's work production limitation and rejecting without justification expert opinion concerning Plaintiff's limited ability to tolerate workplace stress carried over to step five when the ALJ presented a hypothetical to the VE to determine there were jobs available for Plaintiff. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.") (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).

9

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability application, but the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted. The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims." (quoting Western v. Harris, 633 F.2d 1204, 1207 (5th Cir. Unit A 1981))). Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 7th day of February, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA